# Commonwealth ex rel. *v.* Schwartz, Appellant.

*Public officers—Justices of the peace—Quo warranto—Ouster.*

A judgment of ouster in quo warranto proceedings to test the right of a justice of the peace to hold office in a borough was properly entered where it appeared that respondent had been defeated at an election, under which he claimed his right to the office.

Argued Jan. 30, 1917.    Appeal, No. 360, Jan. T., 1916, by Phillip Schwartz, defendant, from judgment of C. P. Lackawanna County, No. 641, Jan. T., 1916, of ouster in case of Commonwealth ex rel. Francis Shunk Brown, Attorney General, v. Frank Berger and Phillip Schwartz. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING. Affirmed.

Quo warranto to test right of defendant to act as justice of the peace in the Borough of Old Forge. Before EDWARDS, P. J.

It appears by the record that an election to fill vacancies in the office of justice of the peace of Old Forge Borough was held in November, 1915, at which time the following candidates received the number of votes set out after their names: E. J. Garvin, 819 votes; Frank Berger, 808 votes; Fred Rooney, 806 votes; J. J. Chelland, 691 votes; Phillip Schwartz, 641 votes. It appeared also that commissions were thereafter issued to Frank Berger and Phillip Schwartz as justices of the peace. When the case came to trial it was agreed that it should be heard by the court without a jury and after such hearing the court found the following facts and conclusions of law:

FACTS.

1. The territory constituting the Borough of Old Forge, before the incorporation of the borough, had two justices of the peace.

2. The borough was incorporated on May 2, 1899.

3. An attempt was made at the February election of 1899 to secure a vote for an increase of two justices in the Township of Old Forge. Notices were posted as required by the act of assembly and there was a vote actually taken on the question of increase. There was no return of the vote made to the office of the clerk of the court, nor the executive department of Harrisburg. Nor is there any evidence whatever in this case as to whether the vote was in favor or against an increase. The election of 1899 has no place in the consideration of the present controversy.

4. Another election was held in the Borough of Old Forge in 1905 at which the question of increase in the number of justices was voted upon. The public notices posted before the election specified an increase of three justices, but the return of the vote on file in the clerk's office shows an increase of one only. Counsel have agreed that the tabulations prepared by the clerk is a

correct copy of the returns in his office.    The tabulation is as follows:

|  | For Increase. | Against Increase. |  |
|---|---|---|---|
| 1st Ward | 23 | 64 |  |
| 2d Ward | — | — |  |
| 3d Ward | — | 2 |  |
| 4th Ward | 75 | 5 | For one justice |
| 5th Ward | 9 | 0 | Increase one |
| 6th Ward | 0 | 0 |  |

This shows that the total vote in the borough against the increase was 71; there were 23 votes for increase without designation of any number, and there were 84 votes in favor of an increase of one.

CONCLUSIONS OF LAW.

1. Old Forge Township previous to its incorporation was entitled to two justices of the peace.

Counsel for all parties conceded this proposition.

2. There was not, in law, an increase in the number of justices in Old Forge Township by the election of 1899.    There has been some misapprehension as to the election of 1899.    Counsel have tried this case on the supposition that the election was a borough election, although, as already stated, there was no borough until the May following.    However, this is of no moment.    The election was undoubtedly a township election, and a township, as such, had the right to vote an increase in the number of justices.    The same misapprehension is to be noticed in the opinion of the deputy attorney general found in the case of the Old Forge Justices, 30 Pa. C. C. 164, who supposed the election of 1899 was a borough election, and, based his opinion on an affidavit, he states that there was an increase of one justice at that election in Old Forge in 1899.    We have no doubt that if the evidence before us was before the deputy attorney general he would not have advised the governor in 1904 to make an appointment of one person to fill the vacancy until May, 1905.

3. The number of justices of the peace in Old Forge Borough was lawfully increased by one at the election in 1905. This proposition is so plain that it needs no discussion.

4. Old Forge Borough, prior to the election of 1905 was entitled to two justices of the peace. After said election it is entitled to three.

5. Two vacancies for the office of justice of the peace were to be filled at the November election, 1915. E. J. Garvin and Frank Berger having received the majority of votes in the borough at said election for said office, are entitled thereto having been lawfully elected. We note, in this connection, that the right of E. J. Garvin to office is not in question in this case.

6. The respondent, Phillip Schwartz, failed of election in 1915 and is, therefore, not entitled to the office of justice of the peace of Old Forge Borough.

Subsequently exceptions to the findings of fact and conclusions of law were dismissed and judgment was entered in favor of the defendant Frank Berger and the writ dismissed as to him, and as to the defendant Phillip Schwartz judgment was entered in favor of the relator, that the said defendant be ousted and altogether excluded from the office of justice of the peace of Old Forge Borough. Phillip Schwartz, defendant appealed.

*Errors assigned* were the judgment of the court of ouster, in dismissing exceptions to conclusions of law and the answers to requests for findings of fact.

*A. A. Vosburg,* with him *John Memolo,* for appellant.

*John H. Bonner,* for appellee.

Per Curiam, March 12, 1917:
This case was tried without a jury, and the judgment of ouster against appellant is affirmed on the facts found and the legal conclusions reached by the learned trial judge.